

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

_____

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

December 31, 2015

The Honorable Deborah A. Batts
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY  10007

Re:   <u>**United States v. John Bennett**</u>, 11 Cr. 927 (DAB)

Dear Judge Batts:

On October 16, 2015, Defendant John Bennett submitted a supplement to his 2012 sentencing submission. The supplement updates the Court on the details of Bennett's life over the past several years, and—as in his original sentencing submission—attempts to mine an argument for leniency from presentation of the barest facts about the sentencing of 58 separate insider trading defendants (*See* Ex. C to Def.'s Supp. Mem.).  As to Bennett's description of his personal circumstances, the Government has no information or light that it can shed on that subject.  The Government notes, however, as it did in its initial sentencing submission, that Bennett's argument largely ignores the severity of his criminal conduct, which included insider trading on a significant monetary scale, substantial efforts to cover up that insider trading, and then obstruction of justice by lying to the Government about his business partner's involvement. The Government relies on its initial sentencing submission for these points.

As for the argument based on the sentences of other insider trading defendants, it is impossible to address the similarities and differences between Bennett's case and those of the 58 separate defendants listed on Exhibit C to Bennett's sentencing submission.  That said, at least three things are readily apparent from Bennett's Exhibit C.  First, insider trading sentences run the gamut, from probation to more than 10 years, with a wide distribution in between, making clear that each case turns on its own facts.  Second, despite that wide range, only 2 defendants out of 58 on that chart received the probationary sentence requested by Bennett; indeed, only 6 of 58 received sentences of less than one year's imprisonment.  Moreover, all of those defendants had Guidelines ranges far below the defendant's range of 46 to 57 months (the calculation of which is described on the next page).  Finally, with very few exceptions, defendants with Guidelines ranges as high as Bennett's have received sentences of at least two years' imprisonment, and often significantly more.

Beyond broad generalities such as these, there is little to be gleaned from the defendant's comparison of his own case to that of any particular defendant because the facts of the cases are too varied.  Indeed, although there is no way to rebut every comparison, the undersigned notes

The Honorable Deborah A. Batts
December 31, 2015
Page 2 of 3

that he was the prosecutor on (and thus, has familiarity with) three of the seven cases to which
Bennett calls special attention in his submission: *United States v. Drew Peterson*, *United States
v. H. Clayton Peterson*, and *United States v. Drew Brownstein*. (Def.'s Supp. Mem. at 19). As to
Drew Peterson, Bennett fails to note (or is simply unaware) that the defendant was a cooperator
who was sentenced pursuant to a 5K motion by the Government after having rendered substantial
assistance.  His sentence of probation is thus meaningless as a point of reference here.  Similarly,
as to H. Clayton Peterson, Bennett fails to note (and, to be fair, is likely just unaware) that the
defendant received no monetary gain at all from his single inside tip to his son (as compared to
Bennett's personal gain of almost $1.2 million over several tips), was fully forthcoming about
the offense almost immediately upon being confronted by law enforcement (as opposed to
Bennett, who obstructed justice by lying to the Government to protect his business partner even
as he was entering into a cooperation agreement), and was given considerable credit by the
sentencing judge for a lifetime of financial generosity and service, both to his community and in
the military.  Finally, as to Drew Brownstein, the defendant there received a sentence of a year
and a day in prison (significantly more than the probationary sentence Bennett seeks) on a
Guidelines range of 37 to 46 months (nine months lower than Bennett's at the bottom end), after
trading on a single tip over the course of less than one week (as opposed to Bennett's trading in
two stocks, over a significantly longer period of time, and then engaging in concealment and
obstruction of justice).  The point being, unless one possesses knowledge of the specific details
of the cases upon which Bennett attempts to rely—which neither Bennett, the Court, nor the
undersigned can conceivably claim to have with respect to more than a handful of the cases—
comparison to any particular case as a lodestar for Bennett's sentence is at best unavailing, and at
worst misleading.

        Finally, as to the Guidelines range, the Government agrees with Bennett's assertion that
his range is two levels lower than previously as a result of the November 1, 2015 amendments to
the Sentencing Guidelines.  Bennett's loss amount of $2.6 million (which includes his own gains,
and the gains of the business partner whom he tipped) previously resulted in an 18-level
enhancement, but results in an enhancement of only 16 levels under the current version of the
Guidelines.  Bennett supplies a calculation of the resulting offense level and range "before any
obstruction of justice enhancement" (Def.'s Supp. Mem. at 5), but those numbers are not
meaningful because—as the Government reported in its initial sentencing memorandum—
Bennett has expressly acknowledged that the imposition of a two-level enhancement for
obstruction of justice *is* warranted in this case (and the Government has expressly acknowledged
that this case presents the unusual circumstance in which a defendant is entitled to the three-level
reduction for acceptance of responsibility notwithstanding his obstructive conduct). (*See* Govt.
Sent. Mem. at 8).  Accordingly, Bennett's offense level is now 23 instead of 25—base offense
level of 8 (U.S.S.G. § 2B1.4), gain enhancement of 16 levels (U.S.S.G. § 2B1.1(b)(1)(I)),
obstruction of justice enhancement of 2 levels (U.S.S.G. § 3C1.1), and acceptance of
responsibility reduction of 3 levels (U.S.S.G. § 3E1.1)—and his Guidelines range is now 46 to
57 months, not 57 to 71 months.

The Honorable Deborah A. Batts
December 31, 2015
Page 3 of 3

        The Government respectfully requests that this case be scheduled for sentencing.

                Respectfully submitted,

                PREET BHARARA
                United States Attorney
                Southern District of New York

By: /s/ Michael A. Levy
                Michael A. Levy
                Assistant United States Attorney
                Southern District of New York
                (212) 637-2346

cc:      Henry Mazurek, Esq. (by e-mail)